UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REGINALD GREENWELL, JR., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> WENDY KNIGHT Warden, ) <br> ) <br> Respondent. ) | No. 1:19-cv-04391-TWP-DLP |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Reginald Greenwell, Jr., for a writ of habeas corpus challenges a prison disciplinary proceeding identified as CIC 19-07-00335. For the reasons explained in this Entry, Mr. Greenwell's petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B.     The Disciplinary Proceeding**

On July 26, 2019, Officer T. Palmer wrote a conduct report that charged Mr. Greenwell with Class B offense 208, security threat group/unauthorized organizational activity. The conduct report stated:

> On Friday July 26, 2019 at approx[imately] 8:30 a.m., I, Ofc. T. Palmer, conducted a shakedown of Ofd. Greenwell, Reginald DOC #160264 housed in 20L-1ARH and found 4 pages of STG material writings. I asked Ofd. Greenwell about the writings and he stated that it was not STG and it was a book he is writing. I then asked him to sign a confiscation slip and he refused.

Dkt. 9-1 (errors in original). Officer Palmer also completed an evidence record form. Dkt. 9-2. The writings are part of the confidential record as are internal investigation reports. Dkt. 10, 11 (ex parte).

On July 31, 2019, the screening officer provided Mr. Greenwell with the conduct report and the notice of disciplinary hearing (screening report). Dkt. 9-5. Mr. Greenwell pleaded not guilty, did not request a lay advocate, and waived the 24-hour notice of the disciplinary hearing. *Id.* Mr. Greenwell did not request any witnesses or physical evidence. *Id.*

On August 9, 2019, the hearing officer conducted a hearing for case CIC-19-07- 0335. Dkt. 9-6. At the hearing, Mr. Greenwell said, "It's a book that I was writing. The Ofc. wasn't sure this was STG. It's not STG. I'm writing [an] urban lit novel." *Id.*

The hearing officer found Mr. Greenwell guilty of offense B-208 based on staff reports and the statement of the offender. *Id.* The hearing officer explained, "Evidence mentions 'Pitchforks up,' this is associated with 'Folks Nation.' Evidence supports a finding of guilt." *Id.* The sanctions included a 30-day loss of phone and commissary privileges and the loss of 90 days of credit time. *Id.*

Mr. Greenwell's appeals to the facility head and to the final reviewing authority for the

2

Indiana Department of Correction were denied. Dkts. 9-7, 9-8, 9-9, 9-10.

### C. Analysis

Mr. Greenwell argues that his writings are protected speech under the First Amendment and cannot support a guilty finding. The Court also construes his petition as a challenge to the sufficiency of the evidence.

Mr. Greenwell was charged with B-208, security threat group/unauthorized organizational activity. The Indiana Department of Correction defines the offense of participating in security threat group activities as:

> Engaging, pressuring or authorizing others to engage in security threat group or unauthorized organizational activities, meetings or criminal acts; displaying wearing, possessing or using security threat group or unauthorized organizational insignia or materials; or, giving security threat group or unauthorized organizational signs. Unauthorized organizational activity shall include engaging in the above activities by or on behalf of an organization that has not been approved by the Department of Correction.

Dkt. 9-11 at 5.

As a prisoner, Mr. Greenwell's First Amendment rights are not unlimited. "In *Turner* [*v. Safley,* 482 U.S. 78 (1987)], the Supreme Court determined that prison regulations that restrict inmates' constitutional rights are nevertheless valid if they are reasonably related to legitimate penological interests." *Singer v. Raemisch*, 593 F.3d 529, 534 (7th Cir. 2010). Courts consider four factors set forth by *Turner* when determining the reasonableness of restrictive prison regulations:

"(1) whether there is a rational relationship between the regulation and the legitimate government interest advanced;

(2) whether the inmates have alternative means of exercising the restricted right;

(3) whether and the extent to which accommodation of the asserted right will impact prison staff, inmates' liberty, and the allocation of limited prison resources; and

>   (4) whether the contested regulation is an "exaggerated response" to prison concerns and if there is a "ready alternative" that would accommodate inmates' rights."

*Id.* (citing *Turner*, 482 U.S. at 89-91).

"Inmates like [Mr. Greenwell] who challenge the reasonableness of a prison regulation bear the burden of proving its invalidity." *Id.* "The burden is a weighty one: We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Id.* (internal quotation omitted).

As discussed in the respondent's return to order to show cause, a policy that restricts inmates' abilities to encourage or use security threat group or other gang activities is related to the legitimate government interest of security and safety in the prison. Folks Nation is a known security threat group. Confiscating Mr. Greenwell's writings was a reasonable way of enforcing the policy and Mr. Greenwell has other means of expressing himself and communicating with other inmates. He has not met his burden of showing that the enforcement of the security threat group offense was improper. Any First Amendment violation that resulted was valid.

Turning to Mr. Greenwell's challenge to the sufficiency of the evidence, the Court notes that the evidentiary standard for disciplinary habeas claims, "some evidence," is very low. "The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (citation and quotation marks omitted); *see also Ellison*, 820 F.3d at 274 ("a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary."); *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016) ("Under *Hill*, 'the relevant question is whether there is any evidence in the record that could support the conclusion reached

by the disciplinary board.'") (quoting *Hill*, 472 U.S. at 455-56)). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

In this case, the conduct report describes the confiscation of security threat group writings. The hearing officer noted that the writings referenced "pitchforks up" which is associated with security threat groups. Dkt. 9-6. Internal investigation officers determined that the writings referred to security threat groups and that they were therefore not authorized. Dkt. 11 (ex parte). Mr. Greenwell's contention that he was writing an "urban novel" does not change these facts. There is "some evidence" that Mr. Greenwell violated offense B-208. Mr. Greenwell's challenge to the sufficiency of the evidence fails.

Mr. Greenwell was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Greenwell's due process rights.

### D.   Conclusion

For the above reasons, Mr. Greenwell is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:   9/8/2020

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

REGINALD GREENWELL, JR.
160264
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov